IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> RANJAN ARORA, <br><br> Defendant. | SEP 1 6 2016 <br><br> Case No. 1:16-MJ-427 <br><br> **Under Seal** |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Seung Hyun ("Joey") Eom, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Criminal Computer Intrusion Squad of the Washington Field Office. I have been employed by the FBI for over 7 years. As a Special Agent of the FBI, I am authorized to investigate and focus on crimes involving computer intrusions, internet fraud, and identity theft. Throughout my FBI employment, I have received training in general law enforcement and in specialized areas including computer intrusion, internet fraud, identity theft, and counterintelligence. I have participated in investigations of fraud and other financial crimes, including investigations involving violations of Title 18, United States Code, Sections 1030 (Computer Crime), 1341 (Mail Fraud), 1343 (Wire Fraud), 1344 (Bank Fraud), and 1349 (Conspiracy), 1956 (Money Laundering). As a Special Agent of the FBI, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2. This affidavit is based upon information from several sources, including my personal observations, information provided to me by other law enforcement agents and officers, witness interviews, documents and financial records provided by different entities and individuals, search warrants, publicly available information, a review of the FBI case file for one of the criminal entities associated with this conspiracy and related fraud schemes, records from the United States Department of Homeland Security ("DHS"), Citizenship and Immigration Services ("USCIS"), including Alien files ("A-files"), and my training and experience. Because I am submitting this Affidavit for the limited purpose of obtaining a criminal complaint and arrest warrant, it does not set forth all the information known to the government as a result of the investigation.

3. This case is the result of a joint investigation by law enforcement officers with the FBI, Internal Revenue Service – Criminal Investigation ("IRS-CI"), U.S. Postal Inspection Services ("USPIS"), U.S. Department of Homeland Security, Homeland Security Investigations ("DHS-HSI") and U.S. Department of State, Bureau of Diplomatic Security ("DOS-DS").

## PURPOSE OF AFFIDAVIT

4. I make this affidavit in support of a criminal complaint and arrest warrant charging RANJAN ARORA ("RANJAN") with conspiracy to commit offenses against the United States, in violation of Title 18, United States Code, Sections 371 and 1546(a), to wit: visa fraud in obtaining H-1B visas.

5. There is probable cause to believe that from a date unknown but by at least on or about 2006, and continuing through present, in the Eastern District of Virginia and elsewhere, defendants RANJAN ARORA did knowingly and intentionally combine, conspire, confederate and agree with others, including A.C., to commit offenses against the United States, namely: (a)

to defraud the United States, that is, to impair, obstruct and defeat the lawful functions of the U.S. Department of Labor ("DOL") and DHS, including USCIS, with respect to the application, review, investigation and decision-making process for immigration benefits, in violation of Title 18, United States Code, Section 371; and (b) to knowingly make under oath, or as permitted under penalty of perjury, knowingly subscribe as true, any false statement with respect to a material fact in any application, affidavit or other document required by the immigration laws or regulations prescribed thereunder, or knowingly present any such application, affidavit, or other document containing any false statement, in violation of Title 18, United States Code, Section 1546(a).

## BACKGROUND

6. I am aware that the USCIS H-1B visa program allows American businesses to temporarily employ foreign workers with specialized or technical expertise but only under strict conditions. For example, before hiring a foreign worker under the H-1B visa program, the employer must obtain approval from the DOL by filing a Labor Condition Application ("LCA"). In the LCA, the employer must truthfully represent that as of the date of the filing, a job vacancy or vacancies exist, and that the employer intends to employ a specified number of foreign workers for specific positions, at specific geographical locations, for a designated period of time. The employer is also required by DOL to make truthful representations regarding the foreign worker's rate of pay, work location, and whether the position is full-time. The employer must represent that it will pay the foreign worker (hereinafter "beneficiary") for non-productive time—that is, an employer who sponsors a beneficiary is required to pay wages and other benefits to the beneficiary, even if he or she is not actively working for certain periods of time. Employers are prohibited by program regulations from requiring that beneficiaries pay, directly

or indirectly, any part of the petition filing fee, administrative fees, attorney fees or any other costs related to the H-1B petition.

7. Upon approval of the LCA by DOL, the employer must then obtain permission from USCIS, a component of DHS, to hire a specific, named individual. The employer obtains this approval by filing a Form I-129 Petition for a Nonimmigrant Worker and paying a processing fee to DHS. The I-129 requires the employer to make specific disclosures about the nature of the beneficiary's employment, which are similar to the disclosures in the LCA. H-1B status typically lasts for three years, with an option for renewal. Once USCIS approves the petition, the beneficiary applies for a visa with the Department of State at a U.S. consulate overseas, or, if already in the United States, the beneficiary's status is changed and/or extended as requested in the petition. Once the employment ends, the sponsoring employer is required to notify USCIS and pay for the beneficiary to return to his or her home country.

8. In furtherance of the conspiracy, RANJAN and A.C. caused to be filed fraudulent and fictitious H-1B visa petitions and supporting documentation on behalf of Secure Networks, Inc. ("Secure Networks") for the benefit of ARORA and his wife. Secure Networks was an information technology (IT) company in Ashburn, Virginia, within the Eastern District of Virginia owned and operated by A.C. During the conspiracy, RANJAN and A.C. agreed that they would use Secure Networks to sponsor RANJAN's false and fictitious H-1B visa application, along with other fraudulent visa applications. The H-1B visa petition and supporting documentation submitted to USCIS on behalf of RANJAN, the beneficiary, contained numerous false, fraudulent and misleading statements concerning: (1) the existence of a bona fide position as an accountant at the sponsoring company; (2) the true name and identity of the individual sponsoring the petition on behalf of the company; and (3) the purported job responsibilities of

the beneficiary. After receiving the H-1 visa, RANJAN used that benefit as the basis upon which to apply for a permanent resident status in the United States.

**PROBABLE CAUSE**

9. Defendant RANJAN was born in New Delhi, India in 1962, and is an alien. The defendant has purported to be a citizen of India and the United Kingdom. Defendant RANJAN is currently married to a native and citizen of India. They currently reside in Ashburn, Virginia, within the Eastern District of Virginia. At all times relevant to this conspiracy, RANJAN and A.C. also resided and worked in the Eastern District of Virginia.

10. According to my review of records from DHS/USCIS, including RANJAN's A-file, in or about 1981, defendant RANJAN was issued a B-1/B-2 visitor visa to enter the United States, which was valid for 3 months. After entry, defendant RANJAN overstayed his visa. In an affidavit filed with the United States Immigration and Naturalization Service in February of 1990, RANJAN admitted to the overstay, residing in the United States unlawfully and subsequent re-entry because he wanted "to make the U.S. my home."

11. On or about March 26, 2001, in London, England, defendant RANJAN applied for a H-1B visa to enter the United States. In his application, RANJAN represented that his place of birth was India, his nationality was "GRBR" (Great Britain) and that his passport number ended in 0117. The visa was granted and expired on October 15, 2003.

12. On or about November 3, 2003, defendant RANJAN applied for another H-1B visa to enter or remain in the United States. In this application, he again represented that his nationality was "GRBR" and that his place of birth was "Great Britain and Northern Ireland (GRBR)," which I believe to be false. RANJAN also represented that he has a British passport number ending in 6312; his A-file indicates that this was a passport issued by Great Britain and

5

Northern Ireland on December 31, 2002. Defendant RANJAN represented that he was employed as an accountant by Liming Computers, which was also the name of the petitioner company on his original H-1B visa.

13. On or about September 6, 2006, a letter was sent, via U.S. Mail, on letterhead bearing the name of Secure Networks, 44075 Pipeline Plaza, Suite 120, Ashburn, Virginia, to USCIS in Lincoln, Nebraska. This letter purported to be signed by John King of Secure Networks and "submitted in support of our Third Employment-Based Preference Petition for Secure Networks Inc. on behalf of Mr. Ranjan Arora, a citizen of United Kingdom." This letter contained false and fraudulent statements, including that RANJAN was going to be employed with Secure Networks on a full-time, permanent basis as an accountant/auditor with an annual base salary of $64,958, and had been since 2005. The letter also detailed the duties of the Accountant/Auditor position. My investigation, including a review of publicly available information on RANJAN's LinkedIn page and a website on which RANJAN advertises his services as a realtor, has revealed that RANJAN did not work full-time as an accountant for Secure Networks, but by 2006 had already and continued to hold other employment positions, including that of a licensed real estate agent in the Commonwealth of Virginia and Director of The Knowledge Center, Inc., another IT company owned and controlled by A.C. at 44075 Pipeline Plaza.

14. On or about September 20, 2006, defendant RANJAN and A.C. caused to be filed a false and fraudulent USCIS Form I-140 (Immigrant Petition for Alien Worker) for the benefit of RANJAN. This Form I-140 also contained numerous false, fraudulent and misleading representations. For example, the Form I-140 purported to be signed by "John King" on behalf of Secure Networks, which RANJAN knew was an alias of A.C. This form also falsely and

fraudulently represented that RANJAN would work full-time as an "Accountant/Auditor," in which capacity he would "[manage/maintain internal controls . . . Design/develop reports & internal control templates in-scope for Sarbanes Oxley (SOX)." My investigation, including a review of records found during a search warrant of A.C.'s residence, has revealed that RANJAN in fact worked for an entirely different company, The Knowledge Center, and not as an accountant/auditor. As of the date of this affidavit, according to RANJAN's LinkedIn profile, he has worked as "Director" of The Knowledge Center since June 2006 to "present." RANJAN's profile also includes links to three company websites, including one associated with his real estate business and two associated with information technology (IT) training through The Knowledge Center.

15. On or about September 20, 2006, defendant RANJAN and others, including A.C., caused to be submitted a false and fraudulent I-907 Form (Request for Premium Processing Service) which listed RANJAN's employer as Secure Networks. This form was submitted in support of RANJAN's H-1B visa application by petitioner Secure Networks. This form was false and fraudulent because although the signer is listed as "John King," it was actually signed by A.C. using his alias. My investigation has revealed that the real John King has no role in Secure Networks, or The Knowledge Center, as A.C. and RANJAN well knew. Based on the false and fraudulent information, USCIS granted an H-1B visa to RANJAN. As his dependent, RANJAN's wife also applied for and received an H-4 visa, which was based on RANJAN's false and fraudulent H-1B application.

16. As an H-4 visa holder, RANJAN's wife was not authorized to work. On or about July 1, 2007, RANJAN and his wife caused the submission of an Application to Register Permanent Resident or Adjust Status (Form I-485), which were signed under penalty of perjury.

In his petition, RANJAN affirmed his current employment was "accountant." On the application, both RANJAN and his wife answered "no" to Question #10, which asked whether they had ever "by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit." At the time RANJAN caused the submission of this Form I-485, RANJAN well knew that it was false and fraudulent as he knew he was not employed full-time as an accountant with Secure Networks and that he had other, outside employment that he failed to disclose.

17. On or about July 1, 2007, defendant RANJAN and others, including A.C., caused a USCIS Form I-485 (Application to Register Permanent Residence or Adjust Status). In support of this application, RANJAN certified, under penalty of perjury, that he was applying for an adjustment to permanent residence (LPR) status because an immigrant petition giving him an immediately available immigrant visa number had been approved. RANJAN falsely answered "no" in response to Question #10, which asked, in relevant part, "have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit?" RANJAN signed the Form I-485 under penalty of perjury.

18. This answer was false because, as defendant RANJAN well knew, he and others had fraudulently and by willful misrepresentation sought, procured and used an H-1B visa that enabled him to remain in the United States. At the time he applied to become a LPR, RANJAN's status in the United States was still based on that H-1B visa. In support of his I-485, RANJAN also submitted and signed a G-325A form, which he signed under penalty of perjury on or about March 23, 2009. On the form, RANJAN falsely represented that his only employment for the last five years was as an "Accountant" for Secure Networks. My

investigation has revealed that this statement in the G-325A was materially false and misleading, in that it omitted information about RANJAN's true employment, which was as a real estate agent and also as the Director of The Knowledge Center.

19. A review of IRS records show that Secure Networks has not filed a tax return since at least 2007 and no Forms W-2 were issued to RANJAN during those years for his purported employment as an "accountant."

20. My investigation has revealed that RANJAN has a website devoted to his real estate business, www.ranjantopagent.com, on which he holds himself out as a real estate agent. My investigation has also revealed that RANJAN assisted A.C. in purchasing a home on Navajo Drive in Ashburn, Virginia, in August of 2015. RANJAN's profile on Realtor.com currently lists him as having 10 years' experience as a real estate agent. Further, the Virginia Department of Professional and Occupational Regulations shows that RANJAN has an active real estate license in Virginia, and was initially certified on April 25, 2006. Based on my investigation and conversations with other agents' familiar with H-1B applications, procedures, and regulations, I know that beneficiaries of H-1B visas are not allowed to perform any outside work, or work for any other company, and that they must agree to abide by these restrictions in exchange for receiving the visa. My investigation has also revealed that in addition to obtaining his H-1B visa by fraud with the assistance of A.C., RANJAN has also attempted to adjust his immigration status in the United States by concealing his other, unauthorized employment since 2006.

21. My investigation has revealed that RANJAN's false and fraudulent I-485, which is based on the fraudulent G-325A form, has been and remains pending as of the date of this application. On or about March 23, 2016, RANJAN sent a letter, via U.S. Mail, to USCIS in

Montana regarding a request for information by USCIS regarding his pending I-485. The return address was RANJAN's residence in Ashburn, Virginia, within the Eastern District of Virginia.

22. Based on my training and experience, and the information provided in this affidavit, there is probable cause to believe that on or about the dates set forth above, within the Eastern District of Virginia, defendant RANJAN ARORA conspired to commit visa fraud, in violation of Title 18, United States Code, Sections 371 and 1546(a). Your affiant respectfully requests the Court consider these facts and issue an arrest warrant for RANJAN ARORA.

Seung Hyun ("Joey") Eom
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 16th day of September 2016, in Alexandria, Virginia.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

The Honorable Theresa C. Buchanan
UNITED STATES MAGISTRATE JUDGE